UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN THE MATTER OF THE
COMPLAINT OF LA DOLCE VITA
LLC, AS OWNER OF THE 2018, 25'
CREST MOTOR VESSEL BEARING            Case No.: 3:22cv6289/TKW/ZCB
HULL IDENTIFICATION NUMBER
CSM01845C818, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

    Petitioner.
_____/

## REPORT AND RECOMMENDATION

Robert McKee tragically drowned while swimming at Crab Island—a popular tourist destination near Destin, Florida. He arrived at Crab Island on a pontoon boat that had been rented from La Dolce Vita, LLC. After his death, the Estate of Robert McKee notified La Dolce Vita of a claim arising from Mr. McKee's death. La Dolce Vita subsequently filed this admiralty action to limit its liability to the value of the vessel and pending freight under 46 U.S.C. § 30511 *et seq*. (Doc. 1). The Estate has moved to dismiss for lack of subject matter jurisdiction, arguing that La Dolce Vita missed a statutory filing deadline. (Doc. 4). La Dolce Vita has responded in opposition (Doc. 7), and the Estate has replied (Doc. 12). For the reasons below, the Estate's motion to dismiss should be denied.

### I. Background

Let's start with what is undisputed. On September 14, 2021, Robert McKee

1

was vacationing in Destin, Florida, with his wife and friends. (Doc. 4-4 at 1). Like many vacationers to the area, they wanted to experience Crab Island—a sandbar off the coast of Destin that is covered by beautiful water and surrounded by floating vendors. To get to Crab Island, you need a boat. So, the group rented a pontoon boat from La Dolce Vita and drove it to Crab Island. (*Id*.; Doc. 1 at 2). Once there, Mr. McKee entered the water to swim. (Doc. 4-4 at 2). He, unfortunately, drowned a short time later. (*Id.* at 3).

The Estate believes Mr. McKee's death was caused by La Dolce Vita's negligent rental of the boat. (Doc. 1 at 3). To that end, the Estate provided La Dolce Vita with written notice of a claim. (*Id*.). There is an admiralty statute known as the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30511 *et seq*., which allows a vessel owner to limit its liability to the value of the vessel and pending freight in certain circumstances. To take advantage of the limitation, the vessel owner must file an action in U.S. District Court "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30511(a).

That brings us to what is disputed—when did the Estate give La Dolce Vita written notice of a claim? La Dolce Vita says it first received written notice on March 1, 2022. (Doc. 1 at 3). On May 13, 2022, La Dolce Vita filed this action to limit its liability under 46 U.S.C. § 30511. Thus, La Dolce says it has complied with § 30511's six-month deadline.

Not so, says the Estate. The Estate asserts it first sent written notice of a claim to La Dolce Vita on October 26, 2021. (Doc. 4 at 2). Receiving no response, it resent the notice on March 1, 2022. (*Id*.). As the Estate sees things, La Dolce Vita filed this action late because § 30511's six-month clock started ticking on October 26, 2021, and the time to file expired before May 13, 2022. (*Id*. at 4). That is the basis for the Estate's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), which argues that La Dolce Vita's untimely filing deprives this Court of subject matter jurisdiction. (*Id.* at 1).

La Dolce Vita denies receiving the October 26, 2021, notice. (Doc. 7 at 3). Regardless, it argues that the Estate incorrectly filed its motion to dismiss under Rule 12(b)(1) because the Eleventh Circuit has held that § 30511(a)'s six-month deadline is a non-jurisdictional claim processing rule. (*Id*. at 7). La Dolce Vita further argues that if the Court construes the Estate's motion as one to dismiss under Rule 12(b)(6), it should be denied because the complaint plausibly alleges that it was timely filed based on receipt of written notice on March 1, 2022. (*Id.* at 7-9). Because the Estate filed its motion to dismiss as a factual attack to the Court's subject matter jurisdiction under Rule 12(b)(1), the Estate attached affidavits in support of its argument that this action was filed late. (Docs. 4-1, 4-2, 4-3, 4-4). La Dolce Vita's response was accompanied by affidavits from two employees responsible for processing the company's mail, both of whom swear they never received the Estate's October 26,

3

2021, notice. (Docs. 7-1, 7-2). The Estate filed a reply, which was accompanied by an affidavit from a paralegal who swears she mailed the notice on October 26, 2021. (Doc. 12-4).

## II.  Discussion

The Estate has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), arguing that § 30511's six-month filing deadline is a jurisdictional requirement. (Doc. 4 at 1). There is one problem with the Estate's jurisdictional argument: it contradicts Eleventh Circuit precedent. *See Orion Marine Constr., Inc. v. Carroll*, 918 F.3d 1323 (11th Cir. 2019). In *Orion Marine*, the Eleventh Circuit specifically held that "§ 30511(a)'s six-month time bar…is an ordinary non-jurisdictional claim-processing rule." *Id*. at 1329. The court further explained that a vessel owner's failure to meet the six-month deadline "does not deprive the district court of subject matter jurisdiction." *Id*. at 1338. The *Orion Marine* court, therefore, found that the district court erred by dismissing the action for lack of subject matter jurisdiction under Rule 12(b)(1). *Id*. at 1325. Instead, the court said the motion to dismiss would have been "more accurately" filed as a Rule 12(b)(6) motion to dismiss for failure to state claim. *Id*. at 1330.

The distinction between a motion to dismiss under Rule 12(b)(1) and one under Rule 12(b)(6) is important because the two motions are governed by different standards. A motion to dismiss under Rule 12(b)(1) can involve either a "facial

4

attack" or a "factual attack" regarding the Court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529-30 (11th Cir. 1990). A facial attack merely requires a court to look at the complaint and "see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations…are taken as true for the purposes of the motion." *Id*. at 1529 (cleaned up). A factual attack challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (cleaned up). With a factual attack, a court is "free to independently weigh facts" and "no presumptive truthfulness attaches to plaintiff's allegations." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (internal quotations omitted). A court may consider "extrinsic evidence such as testimony and affidavits" when resolving a factual attack. *Id*. at 924 n.5.

The Estate's motion to dismiss is a factual attack under Rule 12(b)(1). The motion asks the Court to look beyond the complaint and to not accept as true La Dolce Vita's allegation regarding when it received written notice of the Estate's claim. Given *Orion Marine*, the Estate's factual attack necessarily fails because the six-month deadline is non-jurisdictional. Thus, there is no basis for dismissing this case under Rule 12(b)(1) for lack of subject matter jurisdiction.

Even if the Court construes the Estate's Rule 12(b)(1) motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the motion still fails. A Rule

5

12(b)(6) motion tests whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "The scope of the review [on a Rule 12(b)(6) motion to dismiss] must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). A court should not dismiss an action under Rule 12(b)(6) for failure to comply with a statutory time limitation, unless "it is apparent from the face of the complaint that the claim is time-barred." *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021) (cleaned up); *see also Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276 (11th Cir. 2001) (vacating dismissal order based on the statute of limitations because "it d[id] not appear beyond a doubt from the complaint itself that [plaintiff] can prove no set of facts which would avoid a statute of limitations bar"); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("If the [time] bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).") (internal quotations omitted).

Looking at the face of La Dolce Vita's complaint, it is not apparent that this action was untimely filed under 46 U.S.C. § 30511. The complaint states that on "March 1, 2022, Sharon McKee, personal representative of Robert McKee's estate…provided [La Dolce Vita] first written notice of a claim against it[]." (Doc. 1 at ¶ 7). Accepting this allegation as true, the six-month deadline had not expired

6

when La Dolce Vita filed its complaint on May 13, 2022. Thus, the Estate is not entitled to dismissal under Rule 12(b)(6) based on its argument that the complaint was untimely.[1] The Estate is free to renew its argument regarding the timeliness of La Dolce Vita's complaint via a motion for summary judgment after the completion of discovery. *See Definitive Marine Survs. Inc. v. Tran*, 339 F. Supp. 3d 1292, 1308 (M.D. Fla. 2018) (denying motion to dismiss a § 30511 action as untimely and stating "[a]n appropriate avenue for presenting any untimeliness…argument based on evidence outside the pleadings would be in a motion for summary judgment following a period of discovery").

---

[1] Although the parties have attached affidavits to their submissions, the Court has not relied on those affidavits in making its decision regarding the motion to dismiss. Thus, the Court declines to convert the Estate's motion to dismiss into a motion for summary judgment. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1232 (11th Cir. 2010) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."); *see also Safeco Ins. Co. of Illinois v. Harleysville Ins. Co.*, 511 F. Supp. 3d 1233, 1236 (M.D. Ala. 2021) ("A judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings."). Additionally, the Court believes it would be premature to treat the Estate's motion dismiss as one for summary judgment given that the parties have had little chance to conduct discovery. *See, e.g.*, *AutoNation, Inc. v. Mulleavey*, No. 19-60833-CIV, 2019 WL 4693559, at *2 (S.D. Fla. June 26, 2019) (declining to convert a motion to dismiss into a motion for summary judgment when the parties had limited opportunity to conduct discovery); *Int'l Ship Repair & Marine Servs., Inc. v. Estate of Morales-Montalvo*, No. 808-CV-1617, 2009 WL 36151, at *2 (M.D. Fla. Jan. 6, 2009) (refusing to convert motion to dismiss to motion for summary judgment and stating "it would be inappropriate to perform such a conversion [at such an early time in the case] because the parties are ill-equipped to present all evidence that would be required for a proper Rule 56 review").

### III. Conclusion

For the reasons above, the undersigned respectfully **RECOMMENDS** that the Estate's Motion to Dismiss (Doc. 4) be **DENIED**.

At Pensacola, Florida, this 14th day of November 2022.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive motions.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control**</u>**. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**